**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| FIDEL DAVIS, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 5:15-CV-00138-RWS |
| v. | § § | |
| T EVANS, FIELD OFFICER AT TELFORD UNIT; DENNIS MARTIN, CAPTAIN AT TELFORD UNIT; FNU STANDLY, MEDICAL DOCTOR AT TELFORD UNIT; FNU PENNY, WARDEN; AND KEVIN PINNEY, | § § § § § § § § | |
| Defendants. | § § | |

## MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Fidel Davis, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants in this action are Officer T. Evans, Captain Dennis Martin, Warden Kevin Pinney, Dr. Reginaldo Stanley.[1] This Memorandum Opinion addresses the motion to dismiss filed by Dr. Stanley (Docket No. 17).

---

[1] Plaintiff also named an inmate named Jon Braun as a defendant in this action, but Mr. Braun dismissed on July 20, 2016. Docket Nos. 9 and 15.

**I. Background**

In his Complaint and attached grievances, Plaintiff stated that, on February 12, 2015, he went to a medical lay-in for chest pain and for hearing issues. Docket No. 1. A nurse checked his blood pressure around 10:00 a.m. and sent him back to wait. Docket No. 1-1 at 5. Around 10:20 a.m., Plaintiff began to feel better so he left the infirmary to eat. *Id.*

Plaintiff headed back to the infirmary after lunch and Lieutenant Lafayette asked where he was going. *Id.* Plaintiff replied he was going back to the medical department, and Lt. Lafayette directed a racial slur at him and ordered him to return to his section. *Id.* Plaintiff states that he acknowledged the order, but then his chest began to hurt, and his heart rate increased rapidly. *Id.* Lt. Lafayette called Sergeant Ice and suggested they beat Plaintiff and send him to 11 Building. *Id.* Sgt. Ice asked what was going on, and Plaintiff replied he was having chest pains. *Id.* He asked the officers to call the medical department. *Id.* Warden Calfee and Major Alexander walked by, and Calfee asked what happened. *Id.* Plaintiff told him and Calfee helped him to his feet and took him to the medical department. *Id.*

Upon arrival the nurse sent Plaintiff back to wait. Dr. Stanley arrived and told Plaintiff not to put legal case citations on sick call requests. *Id.* at 2. Plaintiff told Dr. Stanley he needed an electrocardiogram (EKG) because his chest hurt and his ears were ringing, but Dr. Stanley stated Plaintiff had received EKGs in the past and was not getting one now. *Id.* Plaintiff showed Dr. Stanley where his chest hurt and the doctor checked his ear and asked how long it had been ringing, to which Plaintiff replied six months. *Id.* Dr. Stanley then denied him medical care, telling him to put in a sick call request to see a mid-level provider. *Id.*

Plaintiff filed a Step One grievance but the response stated only one issue per grievance was allowed, and Plaintiff had raised several issues in the same grievance. Docket 1-1 at 5. The

response only addressed Plaintiff's complaint that Lt. Lafayette denied him medical care, explaining that an investigation had found no evidence to support the allegation. *Id.* At 6.

Plaintiff then filed a Step Two appeal of this grievance response, complaining of the actions by Lafayette and Dr. Stanley. Docket 1-1 at 7. The response to this grievance appeal again stated only one issue would be addressed and concluded there was no evidence Lt. Lafayette mismanaged the situation and no corrective action was warranted. *Id.* at 8.

In a supplemental complaint filed on August 10, 2015, Plaintiff asserts that Dr. Stanley allowed him to get arthritis in his right little finger by denying him medical treatment to get his finger fixed. Docket No. 3 at 1. He stated a medical provider named Stiger tried to get him transported off the unit for medical care, but TDCJ denied it. *Id.* Plaintiff alleges that he had did not have arthritis in his finger when he first complained of pain. *Id.* Plaintiff acknowledged he has been to the hospital for treatment of the ringing in his ear. *Id.*

On August 11, 2016, Dr. Stanley filed a motion to dismiss asserting that (1) he is entitled to qualified and Eleventh Amendment immunity, (2) Plaintiff did not exhaust his administrative remedies, and (3) the allegations do not show deliberate indifference to a serious medical need. Docket No. 17.

Plaintiff filed a response on September 14, 2016. Docket No 25. In his response, Plaintiff states he complained about his finger from 2011 to 2016 and developed arthritis around 2014. A radiology report shows a fracture through the base of the distal phalanx of the left fifth finger, thought to be an old injury. Docket No. 25-1 at 1. Plaintiff also provides copies of sick call requests from July and August of 2016, in which he was told he would be scheduled to see medical personnel. *Id.* at 2-3.

## II. The Magistrate Judge's Report

After review of the pleadings, on December 9, 2016, the Magistrate Judge issued a Report recommending Dr. Stanley's motion to dismiss be granted. Docket No. 34. The Magistrate Judge found that Plaintiff failed to exhaust his administrative remedies against Dr. Stanley because he did not follow proper procedures in filing his grievances. *Id.* at 6. Plaintiff's Step One and Two grievances improperly raised multiple issues. *Id.* The TDCJ grievance department interpreted the grievance as complaining only about Lt. Lafayette and responded accordingly. *Id.* Plaintiff never presented his grievance about Dr. Stanley to the TDCJ officials in a procedurally proper manner and thus failed to exhaust his administrative remedies by failing to follow the proper grievance procedure.

The Magistrate Judge also concluded Plaintiff failed to show Dr. Stanley was deliberately indifferent to his serious medical needs. *Id.* at 7-8. The Magistrate Judge stated a prisoner's belief that more tests should be conducted or disagreement with the doctor's medical judgment did not rise to the level of deliberate indifference to serious medical needs. *Id.* at 7. Finally, the Magistrate Judge determined Dr. Stanley is entitled to qualified and Eleventh Amendment immunity.

## III. Plaintiff's Objections

In his objections, Plaintiff argues that he must show Dr. Stanley refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct which would clearly evince a wanton disregard for any serious medical needs. Docket No. 43 at 1. Plaintiff further argues that physicians have a duty to disclose risks or hazards which could influence a reasonable person in making the decision to give or withhold consent to surgery, and he cites a Texas state case from 1991 holding physicians and health care providers can be liable

for negligent failure to disclose the risk involved in medical care if the risk or hazard could have influenced a reasonable person in making the decision to give or withhold consent. *Id.*

Plaintiff complains that Dr. Stanley's alleged deliberate indifference amounted to cruel and unusual punishment. *Id.* at 2. He asserts he developed arthritis in his finger due to deliberate indifference, and his chest pain has been treated by another physician, Dr. Morgan, more than once. *Id.* Plaintiff claims Dr. Stanley allowed him to stay in pain and simply told him to file a sick-call request. He acknowledges the radiology report refers to his left little finger but asserts this is in error because his left little finger has never been X-rayed. *Id.* He states that he developed "arthritis in his left pinkie finger from deliberate indifference." *Id.*

Plaintiff asserts his grievance is proof Dr. Stanley refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct evincing wanton disregard for Plaintiff's medical needs. *Id.* He contends Dr. Stanley is liable for negligent failure to disclose a risk in medical care, if the risk of arthritis was known to the doctor. Plaintiff's objections do not address or allude to the Magistrate Judge's determination he failed to exhaust his administrative remedies.

**IV. Discussion**

Upon *de novo* review of the Report and Recommendation, this Court agrees with the Magistrate Judge's determination that Plaintiff failed to exhaust his administrative remedies. Plaintiff included multiple complaints in his TDCJ grievances, and, as a result, many of his arguments were not considered, including his claim against Dr. Stanley. Because Plaintiff did not follow the TDCJ procedure for grievances, he has not exhausted his administrative remedies.

Prisoners cannot satisfy the exhaustion requirement by filing a procedurally defective grievance. *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001); *see also Simmons v. Federal*

*Bureau of Prisons*, Case No. 1:11-cv-690, 2013 WL 866458 (E.D. Tex., January 29, 2013), *adopted by* 2013 WL 866482 (E.D.Tex., March 7, 2013), *citing Woodford*, 548 U.S. at 83-84 and *Sanchez v. Grounds*, Case No. 5:14-cv-64, 2015 U.S. Dist. LEXIS 41843 (E.D.Tex., February 5, 2015), *adopted by* 2015 U.S. Dist. LEXIS 20054 (E.D.Tex., March 30, 2015).

TDCJ regulations permit only one issue per grievance. And the Fifth Circuit has held that a grievance "must be pursued through both steps of the TDCJ [grievance] system before it can be considered exhausted." *Randle v. Woods*, 299 F. App'x 466, 467 (5th Cir. 2008). A prisoner's filing of a noncompliant TDCJ grievance containing more than one issue will not exhaust administrative remedies. *Id.* Thus, because Plaintiff's grievance was procedurally defective in raising multiple issues, Plaintiff's claim against Dr. Stanley was never addressed, and Plaintiff's claim shall be dismissed for failure to exhaust his administrative remedies with respect to his claims against Dr. Stanley.

Plaintiff's objections regarding Dr. Stanley's alleged deliberate indifference explain that Plaintiff disagrees with Dr. Stanley's medical judgment. Plaintiff's disagreement, however, does not establish Dr. Stanley was deliberately indifferent to his serious medical needs. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Indeed, the decision whether to provide additional medical treatment is a classic example of a matter of medical judgment and the failure to alleviate a significant risk which should have been perceived but was not is insufficient to show deliberate indifference.

Plaintiff's objections do not address the applicability qualified immunity. *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (Plaintiff seeking to overcome qualified immunity must plead specific facts which both allow the court to draw the reasonable inference the defendant is liable for the harm alleged and which defeat a qualified immunity defense with equal

specificity); *Williams-Boldware v. Denton County, Texas*, 741 F.3d 635, 643-44 (5th Cir. 2014) (conclusory allegations are insufficient to overcome the defense of qualified immunity).

### V. Conclusion

The Court has conducted a *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (a district judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") The Court agrees with the Magistrate Judge that Plaintiff's claims should be dismissed with prejudice for failure to exhaust administrative remedies. It is accordingly

**ORDERED** the Plaintiff's objections (Docket No. 43) are overruled and the Report and Recommendations of the Magistrate Judge (Docket No. 34) is **ADOPTED** as the opinion of this Court. It is further

**ORDERED** the motion to dismiss filed by the Defendant Dr. Reginaldo Stanley (Docket No. 17) is **GRANTED** and the claims against Dr. Stanley are **DISMISSED WITH PREJUDICE** for failure to exhaust administrative remedies and for failure to state a claim upon which relief may be granted.

**SIGNED this 7th day of March, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE