# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| FIDEL DAVIS, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> T EVANS, FIELD OFFICER AT TELFORD § <br> UNIT; DENNIS MARTIN, CAPTAIN AT § <br> TELFORD UNIT; FNU STANDLY, § <br> MEDICAL DOCTOR AT TELFORD UNIT; § <br> FNU PENNY, WARDEN; AND KEVIN § <br> PINNEY, § <br> § <br> Defendants. | CIVIL ACTION NO. 5:15-CV-00138-RWS |

## MEMORANDUM ADOPTING REPORTAND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE DISMISSING PLAINTIFF'S CLAIMS AGAGINST CAPTAIN DENNIS MARTIN

Plaintiff Fidel Davis, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. 1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. Plaintiff's action names as Defendants Officer T. Evans, Captain Dennis Martin, Warden Penny,[1] Dr. Reginaldo Stanley, and Jon Braun.[2] This Memorandum Opinion addresses Plaintiff's claims against Captain Martin, the disciplinary hearing officer who presided over two disciplinary cases which Plaintiff received.

---
[1] Warden Penny was substituted at Plaintiff's request for Warden Dawn Merchant.
[2] Inmate Jon Braun has already been dismissed.

## I. Background

In his Complaint, Plaintiff asserts Officer Evans assaulted him on July 14, 2014 or July 15, 2014. Docket No. 1 at 4. Plaintiff received a disciplinary case for attempting to assault an officer. *Id.* Plaintiff claims that he did not commit this offense and that Captain Martin found him guilty based on frivolous evidence. *Id.* As punishment, Plaintiff received 45 days of cell, commissary, and recreation restrictions, a reduction in classification status, and the loss of 364 days of good-time credits. *Id.* Plaintiff also complains that his parole was denied. Docket No. 1-1 at 2.

Plaintiff attached a Step One grievance to his Complaint in this case, which alleges that, in another disciplinary hearing before Captain Martin, Plaintiff was wrongfully charged with possession of contraband. Docket No. 1-1 at 1. Plaintiff states the contraband belonged to his cellmate, Johnson, who admitted it was his and stated Plaintiff knew nothing about it, but Plaintiff was still convicted of this disciplinary charge. *Id.* Plaintiff further asserts that Captain Martin stated the charging officer did not need a photograph or evidence of the contraband and that Captain Martin stopped the tape during the hearing on the disciplinary charge and told Plaintiff he would have him killed. *Id.* at 1-2.

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending Plaintiff's claims against Captain Martin be dismissed. Docket No. 38. The Magistrate Judge explained that, under Fifth Circuit law, prisoners cannot recover good time credits lost in a prison disciplinary proceeding through a §1983 action, nor can they otherwise bring suit concerning the disciplinary conviction until such time as the conviction has been overturned or otherwise set aside. Docket No. 38 at 3 (citing *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998)).

The Report further explains that Plaintiff's claim that he was denied parole does not set out a constitutional violation because Texas prisoners have no constitutionally protected liberty interest in release on parole. *Id.* at 4 (citing *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997)). The Magistrate Judge also found that Captain Martin's threats against Plaintiff did not amount to a constitutional violation pursuant to *Bender v. Brumley*, 1 F.3d 271, 274 n.3 (5th Cir. 1993) (holding that the threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations). The Magistrate Judge ultimately determined Plaintiff failed to state a claim upon which relief may be granted and recommended dismissal of Plaintiff's claims related to denial of due process in disciplinary cases and threats by Captain Martin. *Id.* at 5.

### III. The Plaintiff's Objections

In his objections, Plaintiff cites case law concerning general principles of due process and argues that Evans and Martin deprived him of a fair trial and that camera evidence proved that his constitutional rights were violated. Docket No. 44 at 3. Plaintiff states he was choked and rammed into the wall, causing ringing in his ears, and he is now on a psychiatric ward because he is hearing voices. *Id.* at 2. Davis does not address the Magistrate Judge's conclusion that Davis cannot challenge a disciplinary hearing in a §1983 lawsuit, nor does he mention the Magistrate Judge's determination as to his claims about the denial of parole or the threats. *See* Docket No. 44.

Although Plaintiff complains he was denied a fair hearing, his complaint does not alter the fact that he cannot recover good time credits through a civil rights lawsuit, nor can he seek damages for a denial of due process in a disciplinary proceeding until the proceeding has been overturned or set aside. Plaintiff's objections are without merit.

### IV. Conclusion

The Court has conducted a *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (a district Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") The Court agrees with the Magistrate Judge that Plaintiff's claims regarding a denial of due process in disciplinary proceedings and claims relating to threats by Captain Martin should be dismissed with prejudice. These claims are not cognizable in a lawsuit filed under 42 U.S.C. § 1983. It is accordingly

**ORDERED** the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 38) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the Plaintiff's claim concerning the alleged denial of due process in the disciplinary proceedings is **DISMISSED WITH PREJUDICE** until such time as Plaintiff can show the disciplinary cases complained of have been overturned, expunged, or otherwise set aside. It is further

**ORDERED** the Plaintiff's claim concerning threats directed at him by Captain Martin is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* for failure to state a claim upon which relief may be granted. The Defendant Captain Martin is **DISMISSED** as a party to this lawsuit.

**SIGNED this 7th day of March, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE