IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| FIDEL DAVIS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:15-CV-00138-RWS |
| | § | |
| v. | § | |
| | § | |
| EVANS, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

The Plaintiff Fidel Davis, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The remaining Defendants in the case are Officer Timothy Evans and Warden Kevin Pinney. Plaintiff has requested Warden Pinney be dismissed from the lawsuit.

The Magistrate Judge entered a Report recommending the Plaintiff's claims against Officer Evans and Warden Pinney be dismissed. Plaintiff filed three sets of objections to this Report. Before considering these objections, the Court sets out the following background.

**I. The Plaintiff's Claims**

Plaintiff asserts that Officer Evans entered his cell without provocation and punched him in the face. Docket No. 1 at 4; *see also* Docket No. 75-2 at 6. He also complains Evans slammed his face into the wall while holding him in a choke hold, slammed him to the floor, and caused him to lose consciousness. *Id.* Plaintiff asserted Warden Pinney failed to take corrective action after becoming aware of Evans's actions. *Id.*

**II. The Motion for Summary Judgment and the Response**

Defendants Evans and Pinney filed a motion for summary judgment contending the incident occurred because Officer Evans smelled homemade alcohol in Plaintiff's cell. Docket No. 71 at 1. Officer Evans had the cell door opened and ordered Plaintiff and his cellmate to go to the dayroom. *Id*. at 1–2. Plaintiff did not comply, but remained in the cell and tried to drink the alcohol in his cup and flush the rest down the toilet. *Id.* at 2.

According to the Defendants, Plaintiff approached Officer Evans in an aggressive manner, and Officer Evans used the least amount of force necessary to protect himself from assault. *Id*. Plaintiff received a disciplinary case for attempting to assault an officer. Docket No. 71-1 at 37. His punishments included cell, recreation, and commissary restrictions, a reduction in classification status, and the loss of 364 days of good time credits. *Id.*

Defendants argue Plaintiff is foreclosed from bringing a civil rights lawsuit implicating the validity of the disciplinary case until the case is overturned or expunged. Docket No. 71 at 4. They also assert Plaintiff cannot bring any claims against Warden Pinney based on supervisory liability. *Id.* at 2.

In response to the motion for summary judgment, Plaintiff appears to argue a successful use of force claim would not necessarily imply the invalidity of the disciplinary case. Docket No. 79 at 4–5.

**III. The Disciplinary Case**

Plaintiff was charged with attempting to assault Officer Evans by jumping at him in an aggressive manner, which resulted in no injuries. At the hearing, Plaintiff testified he poured Kool-Aid in the toilet and denied charging at or assaulting Officer Evans, while Officer Evans testified he ordered Plaintiff to stop pouring alcohol in the toilet and Plaintiff lunged aggressively at him. *Id.* at 41–48.

**IV. The Report of the Magistrate Judge**

After review of the pleadings and the summary judgment evidence, the Magistrate Judge issued a Report recommending the Defendants' motion for summary judgment be granted.

Docket No. 81. The Magistrate Judge observed if a judgment in favor of a plaintiff necessarily implies the invalidity of a disciplinary conviction or affects the duration of confinement, the accrual date for the claim is delayed until the conviction is overturned. *Hanna v. Maxwell*, 548 F.App'x 192, 2013 U.S. App. LEXIS 24373, 2013 WL 6354148 (5th Cir. 2013), *citing Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) *and Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998).

The Magistrate Judge stated that, in order to prevail on his claim that Officer Evans used excessive force, Plaintiff must show the officer used force maliciously and sadistically for the very purpose of causing harm, rather than in a good faith effort to restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Plaintiff's disciplinary conviction showed he acted in an aggressive manner, requiring Officer Evans to use force in a good faith effort to restore discipline. The Magistrate Judge cited *Sandoval v. Bickham*, Case No. 4:09cv3636, 2011 U.S. Dist. LEXIS 14553, 2011 WL 666510 (S.D. Tex. Feb. 14, 2011) (finding that the application of chemical agent was not malicious or sadistic, but was done to restore discipline breached by prisoner taking control of the food slot, even where the use of the chemical agent violated prison policy) and *Brooks v. Evans*, Case No.. 5:11cv154, 2012 U.S. Dist. LEXIS 128367, 2012 WL 3956907 (E.D.Tex. Aug. 1, 2012) (finding a prisoner's excessive force claim was barred by *Heck* where the prisoner had received a disciplinary case charging him with attempting to assault the officer in question).

The Magistrate Judge stated Plaintiff is eligible for release on mandatory supervision, meaning the loss of the good time credits suffered in the disciplinary case could affect the duration of his confinement. Because Plaintiff's allegations necessarily imply the invalidity of the disciplinary case he received, the Magistrate Judge concluded Plaintiff could not proceed on a civil rights claim for damages or equitable relief until such time as he shows this disciplinary case has been expunged or otherwise set aside. *See also Brown v. Vasquez*, 699 F.App'x 335, 2017 U.S. App. LEXIS 20720, 2017 WL 4785956 (5th Cir. 2017); *Hadnot v. Butler*, 332 F.App'x 206, 2009 U.S. App. LEXIS 12796, 2009 WL 1657062 (5th Cir. 2009).

**V. Plaintiff's Objections**

Plaintiff has filed a set of objections as well as two separate supplemental objections to the Magistrate Judge's Report. In his first set of objections, Plaintiff objects to the dismissal of Warden Pinney which he had requested. Docket No. 81. He complains of being sexually assaulted, a claim which is not part of this lawsuit, and refers to talking to demons and knowing "magic with black candles, pink or green," with which he will create a hurricane worse than the one last year if justice is not served. *Id.*

On December 19, 2017, Plaintiff filed a motion which he styled as a "Motion to Dismiss Warden Pinney from Action." Docket No. 78. In this motion, Plaintiff states when he received a copy of the Defendants' motion for summary judgment, he "became fully aware he does not have the necessary facts to point [sic] Warden Kevin Pinney's wrongful acts or omissions, and Plaintiff would like Warden Pinney removed from the court's docket in such a way that Plaintiff can move forward with his suit." *Id.* at 1.

In accordance with Plaintiff's request, the Magistrate Judge recommended the dismissal of Warden Pinney from the lawsuit. Plaintiff now objects to this dismissal, but offers no valid basis for this objection.

Furthermore, Plaintiff's pleadings assert Warden Pinney is "legally responsible for assisting operation [sic] of the Telford Unit and for the welfare of all of the inmates of the prison" and set out a claim of liability under the doctrine of *respondeat superior*. The Fifth Circuit has held lawsuits against supervisory personnel based on their positions of authority are claims of liability under the doctrine of *respondeat superior*, which does not generally apply in §1983 cases. *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990). The fact that Warden Pinney did not take the corrective action Plaintiff believed appropriate does not set out a constitutional violation. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). Plaintiff has not stated a claim upon which relief may be granted against Warden Pinney. This objection is without merit.

Additionally, Plaintiff's claim concerning a sexual assault is not part of the claims remaining in this lawsuit. His most recent amended complaint (Docket No. 75), which is the

current operative pleading in the lawsuit, makes no mention of a sexual assault. His original complaint, which was superseded by the amended complaint, states he was sexually assaulted by an inmate-defendant named Jon Braun.[1] He sues Officer Evans in the original complaint for the alleged use of force discussed in the amended complaint but does not connect Officer Evans with the claimed sexual assault in any way. Warden Pinney was not named as a defendant in the original complaint and Plaintiff does not at any time allege any facts connecting Warden Pinney with the claimed sexual assault.

The Fifth Circuit has held that issues raised for the first time in objections to a report of the Magistrate Judge are not properly before the District Court. *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001). To the extent Plaintiff maintains Officer Evans and Warden Pinney should be liable for the alleged sexual assault, this contention is raised for the first time in his objections to the Report and is thus not properly before the Court. Dismissal of Warden Pinney is appropriate in this instance without prejudice.

Plaintiff's assertions regarding demons and magic rise to the level of the irrational or wholly incredible and are thus factually frivolous. *Thibeaux v. Cain*, 425 F.App'x 399, 2011 WL 1853205 (5th Cir. 2011) (allegations which are "fantastic, delusional, and wholly incredible" lack an arguable basis in fact and are frivolous) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). Plaintiff's first set of objections are without merit.

In his second set of objections, Plaintiff states he "never disowned his aggressive conduct" and does not deny he acted aggressively toward Officer Evans but asserts that, regardless of what he may have done, Officer Evans's response was not reasonable. In his supplemental complaint (Docket No. 3), Plaintiff specifically states "T. Evans lied and said I charge him when the cameras prove I did not charge him." He goes on to assert "Davis lost 364 days good time for a case he did not commit. The charge say attempt to assault an officer. It's

---

[1] Braun was dismissed from the lawsuit on July 20, 2016, because Plaintiff made no showing Braun was a state actor for purposes of §1983 liability. Plaintiff named no other defendants in connection with the alleged sexual assault and offered no facts showing any of the other defendants had any liability with regard to this allegation.

no such charge of attempt to assault an officer. The camera proves Davis was assaulted by T. Evans for no reason." Thus, contrary to his objections, Plaintiff's pleadings did deny he acted aggressively toward Officer Evans.

In *Brown v. Vasquez*, the plaintiff James Brown was ordered to move to a new cell and refused, stating he believed he would be in danger if moved to general population. A team of officers, including Sgt. Vasquez, came to his cell to extract him. Brown contended he laid down on his bunk and the officers sprayed chemical agents into his cell. When the officers entered his cell, Brown did not resist but continued to lay on his bunk. Sgt. Vasquez stated Brown was resisting even though he was not and another officer, Hughes, struck Brown four times. Brown received a disciplinary case for assaulting Hughes and lost 45 days of good time credits. The district court held as follows:

> To the extent Brown seeks damages, he cannot do so until he shows that the findings in the disciplinary case were reversed on direct appeal, expunged by executive order, or otherwise declared invalid. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 643 (1997). In addition and in the alternative, a court must not set aside decisions made by prison administration, such as the disciplinary case at issue in this case, when there is some basis in fact to support it. *See Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). A guilty determination in a disciplinary case passes court review if there are "some facts" or "any evidence at all" to support the determination. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986) (citations omitted). The finding of guilt in the disciplinary action at issue is supported by eye witness statements and documentary evidence, including a photo of bruising on Officer Hughes' arm where Brown allegedly struck him. Federal courts cannot retry every case and may act only when there is a finding of arbitrary and capricious action. *Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984).

*Brown v. Vasquez,* Case No. 5:14cv198, Docket No. 18 (N.D. Tex., September 11, 2015). Brown appealed the district court's findings, and the Fifth Circuit noted that a disciplinary decision must be overturned to maintain a § 1983 action for damages:

> Next, Brown challenges the MJ's conclusion that his prison disciplinary proceeding claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 646-48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). If Brown's claims are credited, they necessarily imply that the finding of guilt and punishment for his prison violation was invalid. Because Brown has not shown that the disciplinary decision has been overturned, he cannot maintain a § 1983 action for damages. *See Edwards*, 520 U.S. at 646-48, 117 S.Ct. 1584; *Heck*, 512 U.S. at 486-87, 114 S.Ct. 2364. Likewise, Brown cannot recover in a § 1983 action the good-time credits

> forfeited in his disciplinary proceeding.

*Brown v. Vasquez,* 699 F. App'x 335 (5th Cir. 2017). *Hadnot v. Butler*, Case No. 4:08cv1304, 2008 WL 4200815 (S.D. Tex., September 9, 2008) involved a similar incident:

> Hadnot asserts that Sergeant Butler and Officer Alexander used excessive force against him on July 11, 2007, while he was being moved from one cell to another. While moving to his new cell assignment, Hadnot claims that the officers would not let him return to his former cell to retrieve his mattress and bedding. It appears that the officers construed Hadnot's actions as an refusal to enter his newly assigned cell. Hadnot reports that both officers got in his face and, with profane language, told him to get his "bitch ass" in the cell. Hadnot claims that Sergeant Butler and Officer Alexander then forced him to the ground and began kicking him in the head and back. Hadnot complains that the assault was unprovoked and that he was injured as a result. Hadnot states that he was treated at the clinic for bruises to his face, arms, and torso. He was treated with ibuprofen for these injuries. Hadnot reports that he was also prescribed nortrypline, which treats depression.
>
> Hadnot complains further that he was also charged with a disciplinary case as a result of the incident. In his more definite statement, Hadnot reports that he was charged with assaulting an officer and "failure to relinquish hand restraints" in violation of prison rules. As a result of these disciplinary proceedings, Hadnot forfeited 365 days of previously earned credit for good conduct (*i.e.,* good-time credit).

After discussing Hadnot's legal causes of action and the applicable standard of review, the district court explained :

> Hadnot seeks monetary damages for a use of force that resulted in a disciplinary conviction and a loss of good-time credits. To recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey,* 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* In this context, a "conviction" includes a prison disciplinary proceeding that results in a change to the prisoner's sentence, such as the loss of good-time credits. *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

> Hadnot complains that Sergeant Butler and Officer Alexander used excessive force against him on July 11, 2007. As Hadnot discloses in his more definite statement, however, he was convicted of disciplinary charges, including assault on an officer, in connection with the July 11, 2007 incident in which the complained of force was used. (Doc. # 9, at ¶ 20). Hadnot concedes that he lost previously earned good-time credits as a result of this conviction and that the conviction has not been overturned. (*Id.* at ¶¶ 20-21).
>
> Hadnot's excessive-force claim would, if true, necessarily implicate the validity of his disciplinary conviction. Because Hadnot's conviction has not been overturned, his civil rights claims against the defendants are barred by *Heck. See Edwards,* 520 U.S. at 647-48; *see also Hudson v. Hughes,* 98 F.3d 868, 872-73 (5th Cir.1996) (holding that allegations of excessive force and false arrest are not cognizable under the doctrine in *Heck* if a successful civil rights claim would call into question the validity of the plaintiff's conviction); *see also Sappington v. Bartee,* 195 F.3d 234 (5th Cir.1999) (holding that *Heck* bars a civil rights claim for excessive force and false arrest where the plaintiff has been convicted of assaulting an officer); *Donnelly v. Darby,* 81 F. App'x 823, 2003 WL 22794388 (5th Cir.2003) (unpublished per curiam) (rejecting excessive force claims from a state prisoner who received a disciplinary conviction arising from the same incident); *Powell v. Maddox,* 81 F. App'x 476, 2003 WL 22734607 (5th Cir.2003) (unpublished per curiam) (same).

*Hadnot v. Butler*, 2008 WL 4200815 at *1, *3. On appeal, the Fifth Circuit stated as follows:

> Hadnot also maintains that he has raised a viable Eighth Amendment claim against these defendants because they attacked him without provocation. Hadnot has not shown that his disciplinary conviction has been overturned. *See Edwards v. Balisok,* 520 U.S. 641, 646–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). Further, Hadnot's suit is barred by *Heck* due to the nature of his claims and allegations. *See DeLeon v. City of Corpus Christi,* 488 F.3d 649, 656–57 (5th Cir.2007).

*Hadnot v. Butler*, 332 F.App'x at *1.

Likewise, in *Powell v. Maddox*, Case No. 2:97cv280, 2003 WL 21518371 (N.D.Tex. Apr. 15, 2003), the plaintiff asserted prison officials used unnecessary and excessive force on him, resulting in a swollen eye, split lip, bruises, and a hurt back. He received a disciplinary case for assaulting an officer as a result of the incident. The Northern District of Texas determined a grant of relief on the plaintiff's claims would necessarily call into question the validity of the disciplinary case and held the claim was therefore not cognizable under 42 U.S.C. §1983 without a prior showing of favorable termination of the disciplinary case. This decision was affirmed by the Fifth Circuit.

Also instructive is *Donnelly v. Darby*, in which the Fifth Circuit stated as follows:

> With respect to the excessive-force claims, the magistrate judge erred in concluding that Donnelly engaged in a verbal confrontation with Clark or Darby that would have excused the spraying of mace. *See Calhoun v. Hargrove,* 312 F.3d 730, 733 (5th Cir.2002). However, this error is harmless. As Donnelly admits that he received a disciplinary conviction arising from the same action of which he complains now, his claims are barred. *See Edwards v. Balisok,* 520 U.S. 641, 648-49, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Hainze v. Richards,* 207 F.3d 795, 798-99 (5th Cir.2000). Therefore, the claim was frivolous and could be dismissed. *See Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997).

81 F. App'x 823 at 824.

Plaintiff's claims are in the same position as those raised in *Brown*, *Hadnot*, and *Powell*. Although he seeks to alter his claims in his objection by conceding guilt in the disciplinary case and pointing to the alleged excessiveness of the force, essentially the same contention was advanced in each of these other cases: the plaintiff in *Brown* complained of excessive force while he was not resisting; the plaintiff in *Hadnot* claimed injury as a result of an unprovoked assault; and the plaintiff in *Powell* complained the officers used "unnecessary and excessive force." As in those cases, Plaintiff's allegations call into question the validity of the disciplinary case, and he therefore cannot proceed on his civil rights case until he demonstrates the disciplinary case has been overturned or otherwise set aside. Plaintiff's second set of objections are without merit.

In his third set of objections, Plaintiff complains vaguely of a violation of the Fifth Amendment, but offers no facts in support of this contention. He refers to another civil rights lawsuit he filed, styled *Davis v. Hollier*, Case No. 1:11cv103, referring to an alleged assault by two officers from the Groves Police Department, but fails to show how that case is relevant to his claims here. Plaintiff also contends he self-inflicted injuries while on the Estelle Unit in July of 2017, apparently as a result of demons causing him to have suicidal thoughts, but again fails to show the relevance to his claims in this lawsuit.

Plaintiff goes on to describe the altercation with Officer Evans in some detail, stating it gave him nightmares. He likens his case to *Valencia v. Wiggins*, 981 F.2d 1440 (5th Cir. 1992),

in which a jail official in Brewster County was determined to have used excessive force upon a pretrial detainee; however, there was no *Heck* issue in *Valencia*. The Magistrate Judge's findings, conclusions and recommendations centered around *Heck* and its applicability to Plaintiff's case, but Plaintiff's third set of objections makes no mention of *Heck* nor any of these findings, conclusions, and recommendations. Plaintiff's third set of objections are without merit.

**VI. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 81) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** Defendants' motion for summary judgment (Docket No. 71) is **GRANTED** and Plaintiff's claims against Warden Pinney are **DISMISSED WITHOUT PREJUDICE** on Plaintiff's motion, and, alternatively, **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. It is further

**ORDERED** the Plaintiff's claims against Officer Timothy Evans are **DISMISSED WITH PREJUDICE** to the claims being asserted again until such time as Plaintiff can show the disciplinary case he received for attempting to assault Officer Evans in the incident forming the basis of this lawsuit has been overturned, expunged, or otherwise set aside. Finally, it is

**ORDERED** any and all other motions which may be pending in this civil action are

hereby **DENIED**.

**SIGNED this 21st day of March, 2018.**

_____
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE